

MAURIELLO LAW FIRM, APC
Thomas D. Mauriello (SBN 144811)
1181 Puerta Del Sol, Suite 120
San Clemente, CA 92673
Telephone: (949) 542-3555
Facsimile: (949) 606-9690
Email: tomm@maurlaw.com

Attorney for Plaintiff

[Additional Counsel Listed on Signature Page]

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

SACV12 - 0966 JVS (ANx)

KATTY ZELAYA, on Behalf of Herself
and All Others Similarly Situated,

Plaintiff,

vs.

STEINER U.S. HOLDINGS, INC.,

Defendant.

Civil Action No.

**CLASS ACTION COMPLAINT**

**Demand For Jury Trial**

Plaintiff, Katty Zelaya ("Plaintiff"), by and through her attorneys, brings this action, on behalf of herself and all others similarly situated, against Defendant, Steiner U.S. Holdings, Inc. ("Steiner" or "Defendant"), and, except for information based on her own personal knowledge, alleges, on information and belief based on the investigation conducted by her counsel, as follows:

## NATURE OF THE ACTION

1.     Plaintiff brings this action individually and on behalf of a proposed class ("Class"), as more fully defined below, of similarly situated consumers in the State of California seeking to redress the pervasive pattern of fraudulent, deceptive, false and otherwise improper advertising, sales and marketing practices that Defendant continues to engage in regarding its Bliss brand Body Care

CLASS ACTION COMPLAINT

products, Bliss fatgirlslim™ cellulite cream ("fatgirlslim™") and Bliss lovehandler™ ("lovehandler™") (collectively, the "Slimming Products"). As more fully alleged herein, Defendant's schemes and/or artifices to defraud Plaintiff and other members of the proposed Class have consisted of systemic and continuing practices of disseminating false and misleading information via television, celebrity endorsements, Internet websites and postings, point of purchase advertisements, and the packaging of the Slimming Products, all of which are intended to induce unsuspecting consumers, including Plaintiff and other members of the proposed Class, into purchasing millions of dollars' worth of the Slimming Products, which may be manufactured, and are marketed, advertised and sold, by Defendant.

2.     Steiner is, upon information and belief, a wholly-owned subsidiary of Steiner Leisure Limited, and manufactures, as well as distributes, markets and sells, some or all of the Slimming Products.

3.     Steiner product brands include Bliss, Elemis, Jou, La Thérapie, Mandara and Steiner skin care, wellness and hair care products. These are distributed through Steiner-operated day spas, resorts and spas-at-sea. Elemis is also distributed to over 1,200 third-party spas, and both Bliss and Elemis are distributed via retail outlets all over the world.

4.     There are nine product lines listed on the Bliss website under its slimming section: slimming apparel, cellulite creams, best sellers, daytime solutions, nighttime solutions, supplements, sun smart, tools and detox. Fatgirlslim™ and lovehandler™ are listed under the cellulite cream section, as well as the best seller, daytime solutions, and nighttime solutions sections. *www.blissworld.com* (last visited May 23, 2012).

5.     Through an extensive and comprehensive nationwide marketing campaign, Defendant claims that fatgirlslim™ is a "lean mean skin firming cream" which "visibly reduces dimples," and lovehandler™ is a "liquid workout for lazy

- 2 -

abdominals" which "wages war on not-so-hard 'core' areas with this genius gel...." Defendant further claims that lovehandler ™ "whittle[s] the look of your middle and tone [sic] pudgy tummies." *www.blissword.com* (last visited May 23, 2012); *www.sephora.com* (last visited May 23, 2012).

6.  Since their introduction, Defendant's nationwide advertising campaign for the Slimming Products has been extensive, and Defendant has spent a significant amount of money to convey these deceptive messages to consumers throughout the United States. Defendant utilizes a wide array of media to convey these deceptive claims about the Slimming Products, including celebrity endorsements, television, Internet, and point of purchase advertisements, and on the Slimming Products' labels and labeling. Through this massive marketing campaign, Defendant has conveyed one message: the Slimming Products deliver slimmed, toned, reshaped, and firm skin. The names of the Slimming Products themselves reinforce the misguided notion that using these products will help slim a person down. Each person who has purchased the Slimming Products has been exposed to Defendant's misleading advertising message and purchased the Slimming Products as a result of that advertising.

7.  Defendant's claims are deceptive and misleading, designed solely to cause consumers to buy the Slimming Products. The active ingredient in fatgirlslim™ is caffeine and the active ingredients in lovehandler™ are caffeine and creatine. There are no reliable studies showing that caffeine and/or creatine are readily absorbed through the skin to the fat layer in a strong enough concentration to provide any of the results promised by Defendant.

8.  Plaintiff brings this action, on behalf of herself and all other similarly situated consumers residing in the State of California, to halt the dissemination of this false and misleading advertising, correct the false and misleading perception it has created in the minds of consumers, and to obtain redress for those who have purchased the Slimming Products.

9.     Plaintiff asserts claims on behalf of herself and the Class (defined below) for violations of the California Consumers Legal Remedies Act, California Civil Code §§1750, *et seq.* ("CLRA"); California Business & Professions Code §§17200, *et seq.* ("UCL"); California Business & Professions Code §§17500, *et seq.* ("FAL"); breach of the express warranty created by Defendant's advertising, including the labeling of the Slimming Products; and unjust enrichment.

10.     Through this action, Plaintiff seeks injunctive relief, actual damages, restitution and/or disgorgement of profits, statutory damages, attorneys' fees, costs, and all other relief available to the Class as a result of Defendant's unlawful conduct.

## JURISDICTION AND VENUE

11.     This Court has original jurisdiction pursuant to 28 U.S.C. §1332(d)(2).  The matter in controversy, exclusive of interest and costs, exceeds the sum or value of $5,000,000, and Plaintiff and members of the Class are citizens of a state different from Defendant.

12.     Venue is proper in this district pursuant to 28 U.S.C. §1391 because Defendant:  (a) is authorized to conduct business in this district and has intentionally availed itself of the laws and markets within this district through the promotion, marketing, distribution and sale of the Slimming Products here; (b) does substantial business in this district; and (c) is subject to personal jurisdiction in this district.

## THE PARTIES

13.     Plaintiff is, and at all times relevant hereto, has been, an individual and resident of Santa Ana, California.  Plaintiff, thus, is a citizen of California.  In or about late November or early December 2011, and then again in or about February 2012, Plaintiff purchased the fatgirlslim™ and lovehandler™ products from the Sephora section of the JCPenney store located at 2890 North Main Street, Santa Ana, CA 92705.  At the time of her purchases, Plaintiff was exposed to and

- 4 -

1 saw Defendant's claims, including that the Slimming Products deliver slimmed,
2 toned, reshaped, and firm skin, on store displays, as well as the packaging and
3 labeling of the Slimming Products, and purchased fatgirlslim™ and lovehandler™
4 for her personal use as a result of those representations and claims.  Plaintiff used
5 the Slimming Products as instructed, but did not experience any of the promised
6 benefits.  Plaintiff has suffered an ascertainable loss in the amount of the price of
7 the Slimming Products as a result of the improper actions described of herein,
8 because the Slimming Products did not perform as Defendant claimed.

9       14.    Defendant is a Florida corporation, with its principal place of
10 business in Coral Gables, Florida.  Defendant, thus, is a citizen of Florida.
11 Defendant manufactures, promotes, markets, distributes and sells the Slimming
12 Products across the United States, including to tens of thousands of consumers in
13 California.

14                **SUBSTANTIVE ALLEGATIONS**
15 **A.     Steiner's Slimming Products**
16       15.    Defendant introduced two of the Slimming Products in the United
17 States under its Slimming Care segment for the treatment of cellulite --
18 fatgirlslim™ and lovehandler™.

19       16.    Along with the introduction of the Slimming Products, Defendant
20 embarked on an extensive advertising campaign, consisting of television
21 advertisements, celebrity endorsements, Internet-based media and labeling on the
22 Slimming Products themselves.

23       17.    Defendant's labeling for fatgirlslim™ consists of the following:
24
25
26
27
28

**bliss fatgirlslim**

**SKU :BLISS-275**

**a lean, mean skin firming cream!**

o energizes the skin

o stimulates skin surface to firm and contour with caffeine

o visibly reduces the appearance of excess fluid retention in skin layers

This advanced-technology adipose antagonist (which, in layman's terms, means it helps reduce the appearance of cellulite) features QuSome-encapsulated caffeine molecules for quick and targeted delivery of the skin-firming stuff of choice for supermodels, spokespeople and other celebs.

*www.blissworld.com* (last visited May 23, 2012).

18.    Advertisements on the website of national retailer, Sephora, website describe fatgirlslim™ as "[a] lean, mean skin-firming cream that visibly diminishes dimples with QuSome®-encapsulated caffeine."
*http://www.sephora.com/fatgirlslim-P70109?skuId=1026749* (last visited May 23, 2012).

CLASS ACTION COMPLAINT

19.      Other representations made on various websites claim that fatgirlslim™ "is a new advanced technology fat fighter...," consumers can "trim and tone triceps simultaneously as you massage in Bliss fatgirlslim™," and "fatgirlslim™ advanced-technology skin-firming cream quickly diminishes flab with encapsulated caffeine." *http://www.cellulitess.plazadiscounts.com/page42.html* (last visited May 23, 2012); *http://www.facebook.com/note.php?note_id=154340331346747* (last visited May 23, 2012); *http://chemicals.zibb.com/trademark/fat+girl+slim/30291662* (last visited May 23, 2012).

20.      Defendant's labeling for lovehandler™ consists of the following:



**bliss the love handler  8.5 fl oz**

**SKU :BLISS-268**

**targeted skin-firming gel for the midsection**

Wage war on not-so-hard 'core' areas with this genius gel, formulated for extended 8-hour caffeine release. With cooling mint oil and naturally derived amino acid ingredients.

**Why we love it**

o stimulates skin surface for improved firmness

o energy releasing amino acids firm and burn with creatine

o caffeine stays active for up to 8 hours!

*www.blissworld.com* (last visited May 23, 2012).

21.     Advertisements on the website of national retailer, Sephora, and on the lovehandler™ bottle itself, describe lovehandler™ as a "time-released, caffeine-packed liquid workout for lazy abdominals, with energizing amino acids." Sephora advertises that lovehandler™ is formulated to "wage[] war on not-so-hard 'core' areas with caffeine, to whittle the look of your middle and tone pudgy tummies. Cooling mint oil and naturally derived amino acid help to boost energy and make lingering lipids depart on the double."

*http://www.sephora.com/love-handler-P188908?skuId=1025808* (last visited May 23, 2012).

22.     On information and belief, Sephora and other retailers' representations about the Slimming Products as described herein emanate from and are driven by Defendant.

23.     As the foregoing illustrates, the active ingredient in both fatgirlslim™ and lovehandler™ is caffeine. Caffeine is a bitter, white crystalline xanthine alkaloid that acts as a stimulant drug. Caffeine is found in varying quantities in the seeds, leaves, and fruit of some plants, where it acts as a natural pesticide that paralyzes and kills certain insects feeding on the plants. It is most commonly consumed by humans in infusions extracted from the bean of the coffee plant and the leaves of the tea bush, as well as from various foods and drinks containing products derived from the kola nut. Caffeine has diuretic properties when

- 8 -

1  administered to people who are not used to it, but regular users develop a strong
2  tolerance to this effect.

3      24.   The other active ingredient in lovehandler™ is creatine.  Creatine is a
4  naturally occurring amino acid (protein building block) that is found in meat and
5  fish.  It is made in the human body in the liver, kidneys and pancreas.  Creatine is
6  converted into creatine phosphate, or phosphocreatine, and stored in the muscles,
7  where it is used for energy.  Creatine supplements, when taken orally, are popular
8  among body builders; however, not all human studies have shown that creatine
9  improves athletic performance.

10  **B.    Cellulite and Recent Discussion of Possible Treatments**

11      25.   Cellulite is the non-pathologic appearance of dimpled skin surface,
12  sometimes likened to "cottage cheese," commonly seen on thighs and buttocks of
13  women, as well as on the abdomen, breasts and arms.  The occurrence of cellulite
14  is nearly universal in postpubertal females.  In fact, ninety percent (90%) of
15  women, women of all shapes, sizes and ages, suffer from cellulite.  Cellulite
16  begins to form during puberty, although it is not always noticeable on younger
17  women.  Due to their biological make-up, nearly all women will develop
18  noticeable cellulite at some point in their lives.  Because it is unsightly, cellulite
19  causes great distress in women and billions of dollars are spent on treatments that
20  are largely ineffective.  According to an article in the June 25, 2009 edition of *The*
21  *New York Times* (the "6/09 *New York Times* article"), the market for cellulite-
22  reduction devices in the United States (which includes topical applications and
23  creams such as the Slimming Products) was more than $47 million in 2008 and is
24  estimated to increase to as much as $62 million by 2013.

25      26.   The 6/09 *New York Times* article reports that, unlike the situation in
26  men, the connective tissue bands under women's skin are organized vertically, so
27  that fat may bulge irregularly.  This is because women store fats in honeycomb
28  compartments in the skin's deeper layers.  Over time, fatty deposits accumulate in

- 9 -

1 these compartments, causing them to expand and bulge.  This appears on the

2 skin's surface as "dimpled skin."  As this condition progresses, the bulging

3 worsens, restricting the blood supply to affected areas, and trapping fats in the

4 compartments.  Thus, when a woman's body needs to use the fat it stores to burn

5 for energy, it has to look elsewhere.  Cellulite becomes more visible as the

6 condition worsens.  In severe cases, it can become irreversible and lead to

7 permanent disfigurement.  The 6/09 *New York Times* article quotes Dr. Michael D.

8 Jensen, a clinical professor of medicine at the Mayo Clinic, as explaining that

9 while "[a]t normal weight your fat cells fall nicely into valleys of connective

10 tissue, [w]hen you get too many fat cells or too big of fat cells now they push upon

11 the roof [*i.e.*, the skin]."  This condition is exacerbated with age, as the connective

12 tissue strands between skin and muscle becomes more inflexible.  How much

13 cellulite develops typically depends on factors including genetics, hormonal

14 changes, age, race, and lifestyle factors such as diet, stress and smoking.

15      27.    The 6/09 *New York Times* article also quotes Dr. Molly Wanner, a

16 dermatology instructor at Harvard Medical School (and co-author of a 2008

17 evidence-based review of existing cellulite-reduction treatments), as flatly stating

18 that "[a]t this point, there is no outstanding treatment for cellulite."  This view was

19 echoed by Dr. Michael F. McGuire, a clinical associate professor at the University

20 of California, Los Angeles School of Medicine, who was quoted as stating that

21 "realistically there is no cure for cellulite."

22      28.    An article in the November 3, 2008 edition of the *Los Angeles Times*

23 (the "11/08 *LA Times* article") was similarly skeptical regarding the efficacy of

24 cellulite creams.  It quoted Dr. Jenny Kim, an associate professor of medicine and

25 dermatology at UCLA's School of Medicine, as observing that "no studies have

26 convincingly shown that cellulite creams do any good on actual bodies because

27 nobody knows if creams can penetrate the skin deeply enough to reach fat cells, let

28 alone reduce the appearance of cellulite."  Dr. Wanner, of Harvard's medical

1 | school, was also quoted in the 11/08 *LA Times* article as agreeing that there are no

2 | convincing studies to demonstrate that cellulite creams work:

> I don't think the evidence is there to recommend spending money on cellulite cream.... Never say never, but at this point there's nothing to suggest that these products [*i.e.*, cellulite creams] can improve cellulite.... That's because there's more to removing [cellulite] than shrinking fat cells. Unless a product can fundamentally change the structure of skin, ... the bulges will remain.

29. There is no competent scientific evidence demonstrating the efficacy of the Slimming Products to reduce cellulite (dimples), energize the skin, firm and contour the skin or slim a person's abdominals.

30. Nevertheless, Defendant has, and continues to, make false and misleading representations to consumers about the efficacy of the Slimming Products, including its claims that, *inter alia*, when rubbed onto the skin, the Slimming Products will reduce cellulite, be a "liquid workout for lazy abdominals," "whittle the middle," and "tone pudgy tummies."

31. Defendant's claims regarding the Slimming Products are deceptive and misleading. Had Plaintiff and other members of the proposed Class been aware of the truth regarding the Slimming Products, they would not have purchased the Slimming Products.

32. On or about June 29, 2011, the Federal Trade Commission ("FTC") announced "[a]s part of its ongoing efforts to protect consumers from over-hyped advertising claims, the Federal Trade Commission reached a settlement requiring Nivea skin cream maker Beiresdorf, Inc. to stop claiming that regular use of its Nivea My Silhouette! Skin cream can significantly reduce consumers' body size"...[and] that "[t]he real skinny on weight loss is that **no cream is going to help you fit into your jeans**." *http://www.ftc.gov/opa/2011/06/beiersdorf.shtm* (emphasis added).

33. Likewise, Defendant's names for the Slimming Products, as well as Defendant's labeling and advertisements concerning the Slimming Products,

- 11 -

create the impression upon consumers that use of the Slimming Products will
result in a slimmed, more toned and contoured appearance.

### CLASS ACTION ALLEGATIONS

34.     Plaintiff brings this lawsuit, both individually and as a class action,
on behalf of similarly situated purchasers of the Slimming Products, pursuant to
Federal Rule of Civil Procedure 23(b)(2) and (3).  The proposed Class consists of:

> All persons in California who purchased, not for resale,
> Bliss fatgirlslim™ and Bliss lovehandler™.

Excluded from the proposed Class is Defendant; its respective officers, directors
and employees; any entity that has a controlling interest in Defendant; as well as
those who purchased the Slimming Products for the purpose of resale.  Any claims
for personal injury or consequential damages, not otherwise permitted under the
facts pled herein, are expressly excluded from this action.  Plaintiff reserves the
right to amend the Class definition as necessary.

35.     Upon information and belief, the Class comprises thousands of
consumers throughout California and is so numerous that joinder of all members
of the Class is impracticable.  While the exact number of Class members is
presently unknown and can only be ascertained through discovery, Plaintiff
reasonably believes that there are thousands of Class members.

36.     There are questions of law and fact common to the Class which
predominate over any individual issues, including:

(a)     whether Defendant's claims regarding the Slimming Products are
        deceptive and/or misleading;

(b)     whether Defendant engaged in false and/or misleading advertising;

(c)     whether Defendant's conduct as alleged herein violates the CLRA;

(d)     whether Defendant's conduct as alleged herein violates the UCL;

(e)     whether Defendant's conduct as alleged herein violates the FAL;

(f)     whether Defendant's conduct as alleged herein constitutes a breach of

- 12 -

1    warranty;

2    (g)    whether Plaintiff and Class members have sustained monetary loss
3           and the proper measure of that loss;

4    (h)    whether Defendant has been unjustly enriched as a result of its
5           misconduct; and

6    (I)    whether Plaintiff and Class members are entitled to declaratory and
7           injunctive relief.

8       37.    Plaintiff's claims are typical of the claims of the proposed Class, and
9    Plaintiff will fairly and adequately represent and protect the interests of the
10   proposed Class.  Plaintiff does not have any interests antagonistic to those of the
11   Class.  Plaintiff has retained competent counsel experienced in the prosecution of
12   this type of litigation.  The questions of law and fact common to the Class
13   members, some of which are set out above, predominate over any questions
14   affecting only individual Class members.

15      38.    A class action is superior to all other available methods for the fair
16   and efficient adjudication of this lawsuit, because individual litigation of the
17   claims of all Class members is economically unfeasible and procedurally
18   impracticable.  While the aggregate damages sustained by the Class are likely in
19   the millions of dollars, the individual damages incurred by each Class member
20   resulting from Defendant's wrongful conduct are too small to warrant the expense
21   of individual suits.  The likelihood of individual Class members prosecuting their
22   own separate claims is remote, and, even if every Class member could afford
23   individual litigation, the court system would be unduly burdened by individual
24   litigation of such cases.  Individual members of the Class do not have a significant
25   interest in individually controlling the prosecution of separate actions, and
26   individualized litigation would also present the potential for varying, inconsistent,
27   or contradictory judgments and would magnify the delay and expense to all of the
28   parties and to the court system because of multiple trials of the same factual and

- 13 -

1  legal issues.  Plaintiff knows of no difficulty to be encountered in the management
2  of this action that would preclude its maintenance as a class action.  In addition,
3  Defendant has acted or refused to act on grounds generally applicable to the Class
4  and, as such, final injunctive relief or corresponding declaratory relief with regard
5  to the members of the Class as a whole is appropriate.

6     39.    Unless a class is certified, Defendant will retain monies received as a
7  result of its conduct that was taken from Plaintiff and proposed Class members.
8  Unless an injunction is issued, Defendant will continue to commit the violations
9  alleged, and the members of the Class and the general public will continue to be
10  misled.

11                    **FIRST CAUSE OF ACTION**
12                **On Behalf Of Plaintiff And The Class**
13                    **(Violations of the CLRA)**

14     40.    Plaintiff repeats and realleges the allegations of the preceding
15  paragraphs as if fully set forth herein.

16     41.    This cause of action is brought pursuant to the CLRA.  Plaintiff is a
17  consumer as defined by California Civil Code § 1761(d).  The Slimming Products
18  are goods within the meaning of the CLRA.

19     42.    Defendant violated and continues to violate the CLRA by engaging in
20  the following practices proscribed by the California Civil Code § 1770(a) which
21  were intended to result in, and did result in, the sale of the Slimming Products:

22        (2) Misrepresenting the source, sponsorship, approval or
23        certification of good or services;

        (5)  Representing that [the Slimming Products have] . . .
24        characteristics,   . . . uses [or] benefits . . . which they do not
        have;

25        (7)  Representing that [the Slimming Products] are of a
26        particular standard, quality or grade . . . if they are of another;
        and

27        (9)  Advertising goods . . . with the intent not to sell them as
28        advertised.

- 14 -

43.     Defendant violated the CLRA by marketing and advertising the Slimming Products in the manner described herein, when it knew that the labeling and advertisements were deceptive, false, and misleading.

44.     Defendant intended for Plaintiff and members of the Class to rely on the false and misleading representations, and any reasonable consumer would deem the false and misleading representations material to the purchase of the Slimming Products. Had Defendant disclosed all material information regarding the Slimming Products to Plaintiff and other members of the Class, they would not have purchased the Slimming Products, or would have paid substantially less for them.

45.     As a result of Defendant's conduct, Plaintiff and members of the Class suffered injury in fact, loss of money or property, and otherwise have been damaged.

46.     Pursuant to California Civil Code § 1782(d), Plaintiff and the Class seek a Court order enjoining the above-described wrongful acts and practices of Defendant and for restitution and disgorgement.

47.     Pursuant to § 1782 of the CLRA, by letter dated March 2, 2012, Plaintiff notified Defendant, in writing by certified mail, of the particular violations of § 1770 of the CLRA and demanded that Defendant rectify the problems associated with the actions detailed above and to give notice to all affected consumers of its intent to so act.

48.     Defendant has failed to rectify or agree to rectify the problems associated with the actions detailed above within 30 days of the date of written notice pursuant to § 1782 of the Act. Accordingly, Plaintiff seeks actual, punitive, and statutory damages, as appropriate, as well as all other relief permitted under the CLRA.

49.     Defendant's conduct is malicious, fraudulent, and wanton.

50.     Pursuant to § 1780(d) of the CLRA, attached hereto as Exhibit A is

- 15 -

1    the requisite CLRA Declaration executed by Plaintiff.

2                           **SECOND CAUSE OF ACTION**

3                        **On Behalf Of Plaintiff And The Class**

4                           **(Violations of the FAL)**

5         51.    Plaintiff repeats and realleges the allegations of the preceding

6    paragraphs as if fully set forth herein.

7         52.    The misrepresentations, acts, and non-disclosures by Defendant of the

8    material facts detailed above constitute false and misleading advertising and

9    therefore constitute a violation of the FAL.

10        53.    At all times relevant hereto, Defendant's advertisements and

11   promotions regarding the Slimming Products were untrue, misleading, and likely

12   to deceive the public.  Defendant has deceived Plaintiff and other consumers,

13   including members of the Class, by representing, *inter alia*, that the Slimming

14   Products deliver slimmed, toned, reshaped, and firm skin, when, in fact, they do

15   not.

16        54.    Defendant has engaged in the false and misleading advertising and

17   marketing alleged herein with an intent to directly and indirectly induce the

18   purchase of the Slimming Products.

19        55.    Defendant's false and misleading advertising was and is material to

20   Plaintiff and Class members in connection with their respective decisions to

21   purchase the Slimming Products.

22        56.    Plaintiff and the Class members relied on Defendant's false

23   advertisements and misrepresentations, which played a substantial part in

24   influencing the decision of Plaintiff (and the Class) to purchase the Slimming

25   Products.  Defendant intended that Plaintiff and other consumers would rely on the

26   false and misleading representations.

27        57.    In making and disseminating the statements and omissions alleged

28   herein, Defendant knew, or should have known, that the statements and omissions

1  were untrue and misleading, and acted in violation of the FAL.

2      58.    Plaintiff and members of the Class have suffered injury in fact and
3  have lost money or property as a result of Defendant's unfair competition, as more
4  fully set forth herein.  Plaintiff and members of the Class have been injured
5  because they overpaid for the Slimming Products, since the value of the Slimming
6  Products was diminished at the time of sale.  Plaintiff and members of the Class
7  have been injured because, had Defendant disclosed all material information
8  regarding the Slimming Products to Plaintiff and other members of the Class, they
9  would not have purchased the Slimming Products, or would have paid
10  substantially less for them.

11      59.    Defendant, through its acts of unfair competition, has unfairly
12  acquired money from Plaintiff and the members of the Class.  Plaintiff can better
13  determine the amount of money that Defendant has improperly obtained through
14  discovery.

15      60.    Plaintiff seeks an order requiring Defendant to undertake a public
16  information campaign to inform members of the Class of its prior acts and
17  practices.

18      61.    Unless Defendant is enjoined from continuing to engage in such
19  wrongful actions and conduct, members of the Class will continue to be damaged
20  by Defendant's false and misleading advertising.

21      62.    Plaintiff also seeks an order requiring Defendant to (a) make full
22  restitution of all monies wrongfully obtained, and (b) disgorge all ill-gotten
23  revenues and/or profits, together with interest thereon.

24      63.    Plaintiff also seeks attorneys' fees and costs pursuant to, *inter alia,*
25  California Code of Civil Procedure § 1021.5.

26

27

28

**THIRD CAUSE OF ACTION**

**On Behalf Of Plaintiff And The Class**

**(Violations of the UCL)**

64.    Plaintiff repeats and realleges the allegations of the preceding paragraphs as if fully set forth herein.

65.    The UCL defines unfair business competition to include any "unfair," "unlawful," or "fraudulent" business act or practice.  California Business & Professions Code § 17200, *et seq*.  The UCL also provides for injunctive relief and restitution for any such violations.

66.    Defendant's conduct as alleged herein constitutes unlawful, unfair and fraudulent business acts and practices.

67.    By engaging in the above-described acts and practices, Defendant has committed one or more acts of unfair competition within the meaning of the UCL.

68.    Defendant's business practices and acts are "fraudulent" because they deceived and are likely to deceive Plaintiff and members of the consuming public. Specifically, Defendant intentionally and misleadingly marketed and sold the Slimming Products as, *inter alia*, delivering slimmed, toned, reshaped, and firm skin, when, in fact, they do not.

69.    Defendant's business practices, and each of them, are "unfair" because they offend established public policy and are immoral, unethical, oppressive, unscrupulous, and substantially injurious to consumers in that consumers are led to believe that the Slimming Products have qualities and benefits they do not have.

70.    The injury to Plaintiff and consumers greatly outweighs any alleged countervailing benefit to consumers or competition under all of the circumstances.

71.    There were reasonably available alternatives to further Defendant's legitimate business interests, other than the conduct described herein.

72.    Defendant's acts and practices are "unlawful" because Defendant

- 18 -

engaged in false and misleading advertising, in violation of California Civil Code §§ 1572, 1688, 1709, 1710, the FAL and the CLRA, and also are violative of Defendant's warranties.

73.    Plaintiff and the Class reserve the right to allege other violations of law which constitute other unlawful business acts or practices. Such conduct is ongoing and continues to this date.

74.    Plaintiff and members of the Class have suffered injury in fact and have lost money or property as a result of Defendant's unfair competition, as more fully set forth herein. Plaintiff and members of the Class have been injured because they overpaid for the Slimming Products and because, had they been made aware that the Slimming Products do not perform as represented, they would not have purchased the Slimming Products, or would have paid substantially less for them.

75.    Defendant, through its acts of unfair competition, has unfairly acquired money from Plaintiff and members of the Class.

76.    Unless Defendant is enjoined from continuing to engage in the unlawful, unfair, fraudulent, untrue, and deceptive business acts and practices as described herein, consumers will continue to be exposed to and damaged by Defendant's unfair competition.

77.    Plaintiff seeks an order requiring Defendant to undertake a public information campaign to inform members of the Class of its prior acts or practices.

78.    Plaintiff also seeks all relief available to her and the members of the Class pursuant to the FAL.

79.    Plaintiff also seeks attorneys' fees and costs pursuant to, *inter alia,* California Code of Civil Procedure § 1021.5.

## **FOURTH CAUSE OF ACTION**

### **On Behalf Of Plaintiff And The Class**

### **(Breach of Express Warranty)**

80. Plaintiff repeats and realleges the allegations of the preceding paragraphs as if fully set forth herein.

81. Plaintiff, and each member of the Class, formed a contract with Defendant at the time Plaintiff and the other members of the Class purchased the Slimming Products. The terms of that contract include the promises and affirmations of fact made by Defendant on the Slimming Products' labels and through its marketing campaign, as described above. This product labeling and advertising constitutes express warranties, became part of the basis of the bargain, and is part of a standardized contract between Plaintiff and the members of the Class on the one hand, and Steiner on the other.

82. All conditions precedent to Steiner's liability under this contract, including notice, have been performed by Plaintiff and the Class.

83. Defendant breached the terms of this contract, including the express warranties, with Plaintiff and the Class by not providing products which could provide the benefits described above.

84. As a result of Defendant's breach of its contract, Plaintiff and the Class have been damaged in the amount of the purchase price of the Slimming Products they purchased.

## **FIFTH CAUSE OF ACTION**

### **On Behalf Of Plaintiff And The Class**

### **(Unjust Enrichment)**

85. Plaintiff repeats and realleges the allegations of the preceding paragraphs as if fully set forth herein.

86. This claim is asserted in the alternative on behalf of Plaintiff and Class members to the extent that any contracts do not govern the entirety of the

- 20 -

1 | subject matter of the dispute with Defendant.

2 |      87.    Plaintiff and Class members conferred a tangible economic benefit
3 | upon Defendant by purchasing the Slimming Products.  Plaintiff and Class
4 | members would have expected remuneration from Defendant at the time this
5 | benefit was conferred had they known that the Slimming Products do not perform
6 | as promised.

7 |      88.    As a direct and proximate result of Defendant's misconduct as set
8 | forth above, Defendant has been unjustly enriched at the expense of Plaintiff and
9 | Class members.

10 |      89.    It would be inequitable for Defendant to retain the profits, benefits
11 | and other compensation obtained by its wrongful conduct in marketing and selling
12 | the Slimming Products.

13 |      90.    Plaintiff, on behalf of herself and Class members, seeks restitution
14 | from Defendant, and an order of this Court disgorging all profits, benefits and
15 | other compensation obtained by Defendant from its wrongful conduct.

16 | **PRAYER FOR RELIEF**

17 |      WHEREFORE, Plaintiff, on behalf of herself and members of the proposed
18 | Class, prays for judgment as follows:

19 |      a.    Certification of the Class under Federal Rule of Civil Procedure 23
20 |      and appointment of Plaintiff as representative of the Class and her
21 |      counsel as Class counsel;

22 |      b.    Compensatory and other damages for economic and non-economic
23 |      damages identified herein;

24 |      c.    Awarding restitution and disgorgement of Defendant's revenues or
25 |      profits to Plaintiff and the proposed Class members as permitted by
26 |      applicable law;

27 |      d.    An order requiring Defendant to cease and desist from engaging in its
28 |      wrongful conduct and to engage in a corrective advertising campaign;

- 21 -

e.    Statutory pre-judgment and post-judgment interest on any amounts;

f.    Payment of reasonable attorneys' fees and recoverable litigation expenses as may be allowable under applicable law; and

g.    Such other relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all causes of action so triable.

Date: June 15, 2012

MAURIELLO LAW FIRM, APC
Thomas D. Mauriello (SBN 144811)
1181 Puerta Del Sol, Suite 120
San Clemente, CA 92673
Telephone: (949) 542-3555
Facsimile: (949) 606-9690
Email: tomm@maurlaw.com

SHEPHERD FINKELMAN MILLER
& SHAH, LLP
JAMES C. SHAH (SBN 260435)
SCOTT R. SHEPHERD
35 East State Street
Media, PA 19063
Telephone: 610/891-9880
Facsimile: 610/891-9883
Email: jshah@sfmslaw.com
        sshepherd@sfmslaw.com

SHEPHERD FINKELMAN MILLER
& SHAH, LLP
JAYNE A. GOLDSTEIN
NATHAN C. ZIPPERIAN
1640 Town Center Circle, Suite 216
Weston, FL  33326
Telephone:  954/515-0123
Facsimile: 954/515-0124
Email:  jgoldstein@sfmslaw.com
        nzipperian@sfmslaw.com

SHEPHERD FINKELMAN MILLER
& SHAH, LLP
ROSE F. LUZON (SBN 221544)
401 West A Street, Suite 2350
San Diego, CA  92101
Telephone:  (619) 235-2416
Facsimile:  (619) 234-7334
Email:  rluzon@sfmslaw.com

Attorneys for Plaintiff and the Class

- 22 -

# EXHIBIT A

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KATTY ZELAYA, on Behalf of Herself and All Others Similarly Situated,<br><br>             Plaintiff,<br><br>      vs.<br><br>STEINER U.S. HOLDINGS, INC.<br><br>          Defendant. | Civil Action No.<br><br>**CLASS ACTION COMPLAINT**<br><br><br><br>**Demand For Jury Trial** |

## DECLARATION OF KATTY ZELAYA

I, Katty Zelaya, declare under penalty of perjury as follows:

1.    I make this declaration based upon my personal knowledge except as to those matters stated herein that are based upon information or belief, which I believe to be true.

2.    I am an adult citizen of the State of California. I reside in Santa Ana, California, and I am the named Plaintiff in this litigation.

3.    In or about late November or early December 2011, and then again in or about February 2012, I purchased the fatgirlslim™ and lovehandler™ products at the JCPenny store in Santa Ana, California, products which may be manufactured, and are marketed, advertised and sold, by Defendant Steiner U.S. Holdings, Inc. ("Defendant").

4.    To the best of my knowledge, information and belief, Defendant is doing business throughout California, including in this District in Santa Ana, Orange County, California.

I declare under penalty of perjury under the laws of the State of California

1    that the foregoing is true and correct. Executed this _6_ day ~~June~~ 2012 at Santa

2    Ana, California.

3

4                                                    KATTY ZELAYA

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 2 -

CLRA DECLARATION

From:Court Link Inc.                714 836 4449          06/15/2012 12:48      #883 P.004/009

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge James V. Selna and the assigned discovery Magistrate Judge is Arthur Nakazato.

The case number on all documents filed with the Court should read as follows:

## SACV12- 966 JVS (ANx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

===============================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [ ] **Western Division** | [X] **Southern Division** | [ ] **Eastern Division** |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)        NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

113M520610282.tif - 6/15/2012 12:59:26 PM

Name & Address:
Gladys Rodriguez (Registered Agent)
Steiner U.S. Holdings, Inc.
770 South Dixie Highway, Suite 200
Coral Gables, FL 33146

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| Katty Zelaya, On Behalf of Herself and All Others Similarly Situated, | CASE NUMBER |
|---|---|
| PLAINTIFF(S) | **SACV12 - 0966 JVS (ANx)** |
| v. | |
| Steiner U.S. Holdings, Inc., | **SUMMONS** |
| DEFENDANT(S). | |

TO:   DEFENDANT(S):

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff's attorney, __Rose F. Luzon_____, whose address is __Shepherd, Finkelman, Miller & Shah, LLP, 401 West A St., Suite 2350, S.D., CA 92101__.  If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

JUN 15 2012

Dated: _____

Clerk, U.S. District Court

**DODJIE LAGMAN**

By: _____

Deputy Clerk

*(Seal of the Court)*

1225

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*

CV-01A (10/11                              **SUMMONS**

113M520610282.tif - 6/15/2012 12:59:26 PM

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
Katty Zelaya, On Behalf of Herself and all Others Similarly Situated,

**DEFENDANTS**
Steiner U.S. Holdings, Inc.

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Shepherd, Finkelman, Miller & Shah, LLP
Rose F. Luzon (SBN 221544)
401 West A St., Suite 2350, San Diego, CA 92101   (619) 235-2416

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff   ☐ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant   ☑ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☑ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☑ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☑ Yes ☐ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☑ Yes ☐ No   ☐ MONEY DEMANDED IN COMPLAINT: $

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
28 U.S.C. §1332(d)(2); Violations of CLRA, UCL, FAL; Breach of Express Warranty; and Unjust Enrichment.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 190 Other Contract | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 195 Contract Product Liability | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 630 Liquor Laws | SOCIAL SECURITY |
| ☐ 890 Other Statutory Actions | ☐ 196 Franchise | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 640 R.R. & Truck | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | REAL PROPERTY | IMMIGRATION | ☐ 445 American with Disabilities - Employment | ☐ 650 Airline Regs | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | ☐ 210 Land Condemnation | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | ☐ 220 Foreclosure | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 230 Rent Lease & Ejectment | ☐ 465 Other Immigration Actions |  |  | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 240 Torts to Land |  |  |  | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 245 Tort Product Liability |  |  |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 290 All Other Real Property |  |  |  | ☐ 871 IRS-Third Party 26 USC 7609 |

**SACV12 - 0966 JVS (ANx)**

FOR OFFICE USE ONLY:   Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)                          CIVIL COVER SHEET                          Page 1 of 2

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)  ☐ A.  Arise from the same or closely related transactions, happenings, or events; or
   ☐ B.  Call for determination of the same or substantially related or similar questions of law and fact; or
   ☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or
   ☐ D.  Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐  Check here if the government, its agencies or employees is a named plaintiff.  If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange County | |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐  Check here if the government, its agencies or employees is a named defendant.  If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Florida |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
   **Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange County | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X.  SIGNATURE OF ATTORNEY (OR PRO PER): _____  Date  06/15/12

**Notice to Counsel/Parties:**  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law.  This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet.  (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended.  (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended.  (42 U.S.C. (g)) |